UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:16-cr-00002-DBH |
| | ) | |
| MICHAEL MORRIS, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL**

Defendant has filed a Motion to Appoint Counsel. (Motion, ECF No. 45.) In his motion, Defendant references the CARES Act and asserts he "meets the requirements." (Motion at 1.) The Court, therefore, construes Defendant's motion as a request for counsel in connection with a motion for a sentence reduction under 18 U.S.C. § 3582 that Defendant intends to file. As explained below, the Court denies the motion without prejudice.

**DISCUSSION**

While there does not appear to be a separate standard that governs a request for counsel when relief is requested in accordance with § 3582, the First Circuit's discussion of the factors relevant to a court's assessment of a request for the appointment of counsel in the habeas context (i.e., on a post-conviction request for release) is instructive. In *U.S. v. Mala*, 7 F.3d 1058 (1st Cir. 1993), the First Circuit considered whether a defendant was entitled to counsel in the event he filed a habeas action based on the alleged ineffective assistance of his post-conviction counsel. In concluding that the defendant presented the "rare section 2255 case in which the appointment of counsel is warranted," the Court cited

three factors: (1) the defendant had demonstrated a "fair likelihood of success on the constitutional claim," (2) the claim was "factually complex and legally intricate," and (3) "the facts [were] largely undeveloped and [defendant] (who is both incarcerated and indigent) [was] severely hampered in his ability to investigate them." 7 F.3d at 1063-64.

Defendant's mere assertion that he "meets the requirements" for compassionate relief lacks any facts to support the appointment of counsel. Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

Defendant's reference to the CARES Act suggests that he believes he is entitled to relief for "extraordinary and compelling reasons" generated by the COVID-19 pandemic. "Extraordinary and compelling reasons" include the following:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1. A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant has not provided any information regarding his particular circumstance, including whether he intends to seek relief based on a medical condition that might make him more susceptible to the coronavirus. The Court, therefore, cannot

conclude that Defendant is likely to succeed on his anticipated request for relief under § 3852, that the request would be factually complex and legally intricate, or that the relevant facts would be largely undeveloped.  Accordingly, on this record, the appointment of counsel is not warranted.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's motion to appoint counsel without prejudice to Defendant's ability to renew the request upon the filing of a motion for compassionate release that provides more information regarding the bases of his request.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of August, 2020.